UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GEORGIY VERDIYAN, | CASE NO. C15-1680-JCC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA FEES |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security | |
| Defendant. | |

This matter comes before the Court on Plaintiff Georgiy Verdiyan's motion for Equal

Access to Justice Act attorney fees pursuant to 28 U.S.C. § 2412 (Dkt. No. 21). Having

considered the parties' briefing and the relevant record, the Court finds oral argument

unnecessary and hereby GRANTS Plaintiff's motion for the reasons explained herein.

## I.     BACKGROUND

Plaintiff challenged the Social Security Commissioner's finding of nondisability. (*See*

*generally* Dkt. No. 3.) The Commissioner opposed the motion, and this Court reversed and

remanded the Commissioner's final decision for further proceedings. (*See* Dkt. Nos. 15, 18.) The

instant motion followed to seek attorney fees pursuant to the Equal Access to Justice Act

(EAJA). (Dkt. No. 21.)

1    Plaintiff asks this Court to authorize attorney fees in the amount of $8,390.17. (Dkt. No.

2    28 at 6.) Plaintiff states that 30.4 hours of attorney billable hours were expended between Eitan

3    Yanich and Noah Yanich[1]—16.2 hours and 14.2 hours, respectively. (Dkt. No. 21-3.) The

4    Commissioner concedes Plaintiff's request for attorney fees is appropriate, but argues the

5    amount requested is not reasonable. (Dkt. No. 24 at 2–3.)

6    **II.    DISCUSSION**

7    Because there is no disagreement as to whether Plaintiff is entitled to reasonable attorney

8    fees, the Court must determine the proper amount of attorney fees. "[T]he amount of the fee, of

9    course, must be determined on the facts of each case" starting at the number of hours expended

10   on litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 429–33 (1983). Although there is no explicit

11   hour range established by the Ninth Circuit as reasonable, the Sixth Circuit has held that

12   expending 30–40 hours on a Social Security case is reasonable. *Hayes v. Sec'y of Health and*

13   *Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990); *see also Pete v. Colvin*, Case No. C15-5391-

14   RSM, Dkt. No. 23 at 1, Dkt. No. 24 at 8 (W.D. Wash. 2009) (finding expending 41.0 hours on a

15   similar Social Security case was reasonable). If the Government disputes the reasonableness of

16   the fee, it "has the burden of rebuttal that requires submission of evidence to the district court

17   challenging the accuracy and reasonableness of the hours charged or the facts asserted by the

18   prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th

19   Cir. 1992).

20   Here, the Commissioner suggests the case was overstaffed, and therefore the hours

21   requested are unreasonable. (Dkt. No. 24 at 4.) However, the 30.4 hours expended between Eitan

22   and Noah are consistent with other reasonable attorney fees requests. *See Hayes*, 923 F.2d at

23   420; *Pete v. Colvin*, Case No. C15-5391-RSM, Dkt. No. 24 at 8. The Commissioner does not

24   provide a compelling argument or offer any support that utilizing the services of multiple

25   attorneys justifies a finding that the case is overstaffed or the hours expended are unreasonable.

26   _____

[1] The Court will refer to Plaintiff's counsel by their first names for clarity and means no disrespect.

The Commissioner also argues Noah's hours are unreasonable because Noah is not admitted to practice in Washington State or the Western District of Washington, has not shown that he would be eligible for admission to this Court *pro hac vice*, and only performed a limited role. (Dkt. No. 24 at 2–3.) As such, the Commissioner maintains Noah should not be compensated at the prevailing hourly attorney rate ($192.68), but rather at an hourly paralegal rate ($100). (*Id.* at 7.) The Court agrees with the Commissioner that the Ninth Circuit has recognized that different types of work are billed at different rates. (Dkt. No. 24 at 4) (citing *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009); *In re Hunt*, 238 F.3d 1098, 1105 (9th Cir. 2001)). However, the Court disagrees that Noah should be precluded from an attorney hourly rate.

Both parties cite to *Winterrowd v. American General Annuity Insurance Company*, 556 F.3d 815 (9th Cir. 2009), which the Court finds instructive. In *Winterrowd*, the Ninth Circuit reversed the Central District of California's denial of attorney fees. The Ninth Circuit found attorney fees to be reasonable where the attorney "(a) [was] not a member of the California state bar, (b) [did] not physically appear in the Central District, (c) [did] not sign pleadings in a case before the Central District, (d) [had] minimal contact with clients and no direct contact with opposing counsel in the case, (e) [was] supervised by [a member of the California state bar], and (f) [was] not admitted *pro hac vice* in the case, but no evidence in the record show[ed] that he would not have routinely been so admitted had he applied." *Winterrowd*, 556 F.3d at 817.

The facts in this case are nearly identical to *Winterrowd*. Noah is a qualified attorney who graduated *cum laude* from the University of Michigan Law School and is admitted to many federal and state courts. (Dkt. No. 28 at 3.) Under Western District of Washington Local Rule 83.1, Noah would be eligible for routine admission *pro hac vice*. Moreover, it is also worth noting that Noah has been awarded fees at an attorney hourly rate in over 100 EAJA attorney fees cases. (Dkt. No. 28 at 2.) His requested hourly rate, $192.68, is the Ninth Circuit's statutory maximum for attorneys. Ninth Circuit Rule 39-1.6; *Thangaraja v. Gonzales*, 428 F.3d 870, 876

1    (9th Cir. 2005). Thus, the Commissioner's arguments against awarding Noah an attorney hourly

2    rate do not persuade the Court that the amount Plaintiff requests is unreasonable. The motion for

3    attorney fees is GRANTED.

4    **III.    CONCLUSION**

5          For the foregoing reasons, the motion for attorney fees (Dkt. No. 21) is GRANTED.

6    Included in this attorney fees award, Plaintiff also requests the additional fees incurred while

7    preparing the reply brief for this motion. *See Cmm'r, I.N.S. v. Jean*, 496 U.S. 154, 163–66 (1990)

8    (holding that attorney fees should be awarded for additional time reasonably spent defending the

9    application for EAJA attorney fees). But, it is unclear from the briefing if the attorneys expended

10    9.7 hours or 10.2 hours on the reply brief. (*See* Dkt. No. 28 at 7.) Additionally, no documentation

11    was submitted detailing the hours worked on the reply brief. Therefore, Plaintiff is ORDERED to

12    submit detailed documentation of the hours worked to prepare the reply brief for this motion

13    within two weeks. Once those are submitted, the Court will award the full attorney fees amount

14    requested.

15          DATED this 18th day of April 2017.

16

17

18                                      _____

19                                        John C. Coughenour
                                       UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26